UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Derrick Devon Coleman,

                Plaintiff,      Case No. 24-11465

v.                             Judith E. Levy
                                United States District Judge

Kenneth E. Frazee, *et al.*,

                              Mag. Judge Anthony P. Patti

                Defendants.

_____/

**OPINION AND ORDER DISMISSING THE COMPLAINT
[1] AND CERTIFYING THAT AN APPEAL COULD NOT BE
TAKEN IN GOOD FAITH**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff Derrick Devon Coleman, presently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, sues Defendants Prosecutor Kenneth E. Frazee, Prosecutor Jessica R. Cooper, Judge Phyllis McMillen, and court-appointed attorney Michael J. McCarthy in their individual and official capacity for allegations of malicious prosecution arising from his state criminal case in the Oakland County Circuit Court. (ECF Nos. 1, 7.) After careful review,

the Court will dismiss Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) as legally frivolous because it is barred by the doctrine of res judicata.

## I.    Factual Background

In 2017, Plaintiff was convicted and sentenced on 11 counts—8 counts of armed robbery and 3 counts of felony firearm—pursuant to a plea in the Oakland County Circuit Court. (ECF No. 1, PageID.12.) *See also* Mich. Dep't of Corr., *Biographical Information*, https://perma.cc/MT C9-BCD5.[1] Plaintiff states that during sentencing, Defendants "conspired to maliciously prosecute [him] for charges that were dismissed" prior to his pleading guilty to armed robbery and felony firearm charges. (ECF No. 1, PageID.6.) He claims that he was erroneously sentenced on eight counts of armed robbery, when he pleaded guilty to only six counts of armed robbery. (*Id.*) According to Plaintiff, the Defendants failed to consider that the two charges were dismissed, which affected his sentencing guidelines. Plaintiff states that

---

[1] The Court is permitted to take judicial notice of the Michigan Department of Corrections Offender Tracking Information System. *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821, n.3 (E.D. Mich. 2004).

he filed a motion for relief from judgment and was subsequently resentenced on May 2, 2024. (*Id.* at PageID.20.)

## II. Analysis

The Court is required to screen an indigent prisoner's complaint and to dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A; *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v.*

*Gibson*, 355 U.S. 41, 47 (1957)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id*. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *Harris v. City of Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

Despite this liberal pleading standard, the Court finds that this civil rights complaint is subject to dismissal. Plaintiff already filed a civil rights action against the same Defendants in their official and

4

individual capacities for the same alleged constitutional violations, which was dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and on the basis of Eleventh Amendment immunity. *See Coleman v. Cooper*, Case No. 2:23-cv-10072 (E.D. Mich. Feb. 10, 2023) (Goldsmith, J). Plaintiff's current claims were previously raised and addressed in that prior case and may not be re-litigated under the doctrine of res judicata or claim preclusion. *See, e.g.*, *Federated Dep't. Stores v. Moitie*, 452 U.S. 394, 398 (1981); *see also Butts v. Wilkinson*, 145 F.3d 1330 (6th Cir. 1998) (unpublished table decision) (upholding summary dismissal of prisoner civil rights complaint based upon res judicata doctrine).

Under the res judicata or claim preclusion doctrine, a claim is barred by prior litigation if the following elements are present:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997).

The res judicata rule "precludes not only relitigating a claim previously adjudicated; it also precludes litigating a claim or defense

that should have been raised, but was not, in the prior suit." *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003). In this case, all four elements are present. The Court dismissed the prior action on the merits, Plaintiff is again suing the same Defendants, this case involves the same claims, and Plaintiff brings the same cause of action under 42 U.S.C. § 1983. This case must therefore be dismissed.

Moreover, even if Plaintiff's claims are not subject to dismissal on res judicata grounds, the Court finds that they must be dismissed for failure to state claims upon which relief may be granted under 42 U.S.C. § 1983 and on the basis of Eleventh Amendment immunity, as explained in the Court's prior dismissal decision. *See Coleman v. Cooper*, Case No. 2:23-cv-10072 (E.D. Mich. Feb. 10, 2023) (Goldsmith, J).

### III. Conclusion

For the reasons set forth above, the Court orders that the Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

6

Lastly, the Court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

IT IS SO ORDERED.

Dated: November 19, 2024          s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 19, 2024.

                                  s/William Barkholz
                                  WILLIAM BARKHOLZ
                                  Case Manager